CITY OF SPRINGFIELD, APPELLANT, *v.* HICKS ET AL., APPELLEES.

(No. 2415—Decided May 17, 1988.)

*Andrew J. Burkholder,* for appellant.

*William T.* and *Alice E. Hicks, pro se.*

BROGAN, J. This appeal comes to us from an order granting a motion to dismiss a claim by the city of Springfield ("the city") against William T. and Alice E. Hicks ("the Hickses"). We reverse.

The Springfield Municipal Court granted the Hickses' motion to dismiss part of an action for delinquent income taxes based on the running of the statute of limitations. The complaint filed July 10, 1987 alleges that the Hickses owe the city $1,069.68, which includes taxes for 1972, 1973, 1974, 1975 and 1985 plus penalties and interest for each of those years. The action for taxes due for 1985 was not included in the motion to dismiss. The motion was not filed with any accompanying evidence or affidavits. After considering the pleadings and the briefs submitted by both sides, the court granted the motion to dismiss

the claims for taxes, penalties and interest for 1972 through 1975, inclusive. It is from this order that the city appeals.

The sole assignment of error is that the dismissal granted by the court below was erroneous. The pleadings must show on their face that an action is barred by the statute of limitations for a Civ. R. 12(B)(6) motion to dismiss to lie without the submission of evidence or affidavits. *Mills* v. *Whitehouse Trucking Co.* (1974), 40 Ohio St. 2d 55, 69 O.O. 2d 350, 320 N.E. 2d 668. Here, the pleadings do not reflect that any return has been filed; therefore, we cannot assume that any return has been filed. R.C. 718.06(A) provides the applicable statute of limitations in this case:

"Civil actions to recover municipal income taxes and penalties and interest on municipal income taxes shall be brought within three years after the tax was due or the return was filed, *whichever is later.*" (Emphasis added.)

Since no income tax return has yet been filed in the case at bar, any such filing will naturally be later than the date the taxes were due, since the due date has already passed. Therefore, the three-year statute has yet to begin running. While we found no Ohio cases which interpret R.C. 718.06(A), the city's brief cites numerous federal income tax cases which propose that the federal statute of limitations does not begin to run until a return has been properly filed. See, for example, *Rock Island, Arkansas & Louisiana RR. Co.* v. *United States* (1920), 254 U.S. 141; *Girard Trust Co.* v. *United States* (1926), 270 U.S. 163; and most recently and concisely *Doll* v. *Commr. of Internal Revenue* (C.A. 3, 1966), 358 F. 2d 713. These cases, while not indicative of the meaning of the Ohio statute, indicate to us that the result of our interpretation is consistent with federal income tax policy thereby confirming the desirability of affording the statute such an interpretation.

The assignment of error is well-taken.

The order of the court below is hereby reversed.

*Judgment reversed.*

WILSON and FAIN, JJ., concur.