**GIBSON et al., Appellants,**

**v.**

**LIMBACH, TAX COMMR., Appellee.**

[Cite as *Gibson v. Limbach* (1991), 74 Ohio App.3d 498.]

Court of Appeals of Ohio,
Trumbull County.

No. 90–T–4434.

Decided June 10, 1991.

*Michael D. Rossi,* for appellants.

*Lee Fisher*, Attorney General, and *Richard C. Farrin*, Assistant Attorney General, for appellee.

———————

HENDRICKSON, Judge.

This is an accelerated calendar appeal taken by appellants, John C. Gibson, Sr. and Mary E. Gibson, from a decision and order of the Ohio Board of Tax Appeals. The facts are not in dispute.

In 1976, appellants timely filed their federal and state tax returns. Appellants having signed waivers and time extensions, their federal return was audited and adjusted in 1986, creating a deficiency. In 1987, the Ohio Tax Commissioner informed appellants that the federal adjustment resulted in additional Ohio income taxes, interest and penalty in the amount of $2,017.29. Appellants promptly paid that amount and filed an application for a refund. The matter was submitted to the Tax Commissioner for final determination.

Before the Tax Commissioner, appellants claimed that the additional Ohio income taxes occasioned by the federal adjustments should be refunded because R.C. 5747.15 bars the issuance of tax assessments more than three years after appellants filed their Ohio tax return. The Tax Commissioner rejected appellants' contention on two bases. First, the commissioner noted that since no *assessment* had been issued, R.C. 5747.15 does not warrant refund of the amounts claimed. Second, the commissioner held that even if an *assessment* had been issued, appellants' failure to file an amended Ohio income tax return as required by R.C. 5747.10 suspended the three-year limitation of R.C. 5747.15. (Furthermore, she observed that appellants had notice of the deficiency within three years of the due date of the amended return.)

Appellants timely filed their notice of appeal to the Board of Tax Appeals pursuant to R.C. 5717.02, repeating their contention that they were entitled to a refund based upon the three-year statute of limitations in R.C. 5747.15. This was the *sole* issue specified in appellants' notice of appeal. Subsequently, appellants filed an additional specification of error related to the penalty assessment by filing a supplemental notice of appeal well after the expiration of the thirty-day filing period specified in R.C. 5717.02.

Upon appeal, the board rejected appellants' contention regarding the statute of limitations, concluding that appellants cannot claim protection under R.C. 5747.15 as that statute of limitations runs from the date the *amended return* is filed, and appellants failed to file such a return. The board also held that it

was without jurisdiction to consider the penalty issue because that issue was not specifically raised in a timely filed notice of appeal.

Appellants timely appeal the decision and order of the Board of Tax Appeals, raising two assignments of error.

■ In their first assignment of error, appellants allege that the Board of Tax Appeals ("BTA") erred in failing to apply former R.C. 5747.15 to "time-bar the lawful collection of the subject income tax." They contend that federal adjustments made six years after the statute of limitations, set forth in R.C. 5747.15, had run cannot "affect" their tax liability on a state return that was timely filed. Therefore, appellants claim there was no duty to file an amended return within the meaning of R.C. 5747.10.

Former R.C. 5747.15, provides, in part:

"No assessment shall be made or issued against [a] * * * taxpayer for any tax imposed by section 5747.02 * * * of the Revised Code more than three years after the return date for the period in which the return for such period is filed. *This section does not bar an assessment * * * when the * * * taxpayer failed to file a return as required by this chapter.*" (Emphasis added.)

Furthermore, R.C. 5747.10 provides:

"If any of the facts, figures, computations, or attachments required in a taxpayer's annual return to determine the tax charged by this chapter * * * must be altered as the result of an adjustment to the taxpayer's federal income tax return * * * and such alteration affects the taxpayer's tax liability under this chapter * * *, the taxpayer shall file an amended return * * *.

"The amended return shall be deemed a return subject to assessment * * * for the purpose of assessing any additional tax due under this section, together with any applicable penalty and interest. It shall not reopen those facts, figures, computations, or attachments from a previously filed return no longer subject to assessment that are not affected, either directly or indirectly, by the adjustment to the taxpayer's federal income tax return."

Based upon our interpretation of the relevant statutory authority, we conclude that appellants' contentions are without merit for several reasons.

First, as the Tax Commissioner noted in her final determination, no "assessment" was ever issued with respect to appellants' 1976 Ohio tax return as a result of the federal adjustment. Instead, appellants were merely notified of the state tax deficiency. Before an assessment was issued pursuant to R.C.

5747.13(C), appellants voluntarily paid. Therefore, without an assessment *per se*, R.C. 5747.15 is not implicated.

Second, former R.C. 5747.10 requires the taxpayer to file an "amended return" if the taxpayer's Ohio income tax liability is altered as a result of a federal adjustment; and the *"amended return shall be deemed a return subject to assessment* * * * for the purpose of assessing any additional tax due * * *, together with any applicable penalty and interest."

Here, the IRS made adjustments to appellants' federal adjusted gross income which *directly affected* their Ohio income tax liability. Pursuant to R.C. 5747.10, appellants were required to file the aforementioned amended return, but failed to do so.

Thus, the question becomes whether the failure to file an amended return pursuant to R.C. 5747.10 constitutes a failure to file a "return," as required by R.C. 5747.15, thereby rendering the three-year time limitation provided therein inapplicable.

Again, R.C. 5747.15 provides:

" * * * *This section does not bar an assessment * * * when * * * the taxpayer failed to file a return as required by this chapter."* (Emphasis added.)

Thus, the "return" anticipated by this section includes all returns as required by R.C. Chapter 5747—both annual returns and *amended* returns as required by R.C. 5747.10.

Therefore, since appellants failed to file a return that was subject to an assessment (*i.e.,* an amended return), the statute of limitations on the state assessment, which was the result of the federal adjustments, has not commenced to run. See *McLean Trucking Co. v. Lindley* (1982), 70 Ohio St.2d 106, 111–112, 24 O.O.3d 187, 190–191, 435 N.E.2d 414, 417–418. Consequently, any assessment resulting from the failure to file an amended return upon adjustment of the federal tax liability by the Internal Revenue Service can be collected by the Tax Commissioner even though more than three years have elapsed since the federal assessment.

Thus, the BTA did not err in not applying R.C. 5747.10 to permit the collection of the additional tax.

Also, in their first assignment, appellants raise the issue of whether the Tax Commissioner's attempt to assess based upon R.C. 5747.10 violates due process. We need not address this issue, as it was not placed in issue before the BTA, and may not be considered on appeal. See *Osborne Bros. Welding Supply, Inc. v. Limbach* (1988), 40 Ohio St.3d 175, 178, 532 N.E.2d 739, 742.

Based upon the foregoing, appellants' first assignment is without merit.

In the second assignment of error, appellants allege that the BTA erred by failing to consider their "Supplemental Specification of Error" in which the assessment of a penalty was challenged. The board, in effect, concluded that the penalty assessment was not placed in issue pursuant to R.C. 5717.02, which provides:

"* * * *The notice of appeal* shall set forth or have attached thereto * * * a true copy of the notice sent by such commissioner to the taxpayer of the final determination complained of, and *shall also specify the errors therein complained of.*"

Strict compliance with the mandatory provisions of R.C. 5717.02 is essential to invoke the board's jurisdiction. Therefore, issues cannot be resolved by the board unless they are clearly specified in the notice of appeal. *Cleveland Elec. Illum. Co. v. Lindley* (1982), 69 Ohio St.2d 71, 23 O.O.3d 118, 430 N.E.2d 939; see, also, *Osborne, supra.* Appellants failed to question the penalty assessment issue in their notice of appeal, and may not amend or "supplement" such notice after the expiration of the statutory appeal period. Any other ruling would render the thirty-day notice of appeal requirement a nullity. *American Restaurant & Lunch Co. v. Glander* (1946), 147 Ohio St. 147, 34 O.O. 8, 70 N.E.2d 93.

Therefore, appellants' second assignment of error is without merit.

*Judgment affirmed.*

CHRISTLEY, P.J., and BASINGER, J., concur.

WILLIAM R. HENDRICKSON, J., retired, of the Twelfth Appellate District, and RANDALL L. BASINGER, J., of the Putnam County Court of Common Pleas, sitting by assignment.