**[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 151.]**

MANCINO ET AL., APPELLANTS, V. TRACY, TAX COMMR., APPELLEE.

[Cite as *Mancino v. Tracy*, 1997-Ohio-6.)

*Taxation—IRS adjustment of taxpayer's 1986 and 1987 federal adjusted gross income—Amended Ohio returns reflecting increase not filed—R.C. 5747.13 barring Tax Commissioner from collecting deficiency amounts more than four years after taxpayer's filing of return not applicable, when.*

(Nos. 96-2165 and 96-2176--Submitted April 22, 1997--Decided June 25, 1997.)

Appeals from the Board of Tax Appeals, Nos. 95-A-890 and 95-A-891.

————————————

{¶ 1} Paul A. and Carole A. Mancino, appellants, timely filed their 1986 and 1987 Ohio income tax returns.  The Internal Revenue Service ("IRS"), however, audited the Mancinos' federal income tax returns for these years and raised their federal adjusted gross income.  The Mancinos did not file amended Ohio returns reflecting these increases.

{¶ 2} The IRS informed the Tax Commissioner, appellee, of the increases in adjusted gross income.  The commissioner sent billing notices to the Mancinos proposing to increase their 1986 Ohio tax, including interest, to $5,755.95 and their 1987 Ohio tax, including interest, to $4,794.38 to account for these increases.  After some correspondence, the Mancinos paid these amounts and filed refund applications for each year.  The commissioner denied the claims, and the Board of Tax Appeals, on appeal, affirmed the commissioner's orders.

{¶ 3} The causes are now before this court upon appeals as of right.

————————————

*Paul Mancino, Jr.*, for appellants.

*Betty D. Montgomery*, Attorney General, and *Richard C. Farrin*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

{¶ 4} The Mancinos argue that R.C. 5747.13 bars the commissioner from collecting the deficiency amounts because he sought the amounts more than four years after the Mancinos had timely filed their returns. The commissioner replies that R.C. 5747.13 plays no role in these cases because this statute bars assessments. He, instead, claims he did not assess the Mancinos; he requested that they pay what would be due in amended returns based on the federal adjustments to be filed under R.C. 5747.10. We agree with the commissioner and affirm the board's decisions.

{¶ 5} Former R.C. 5747.10 stated:

"If any of the facts, figures, computations, or attachments required in a taxpayer's annual return to determine the tax charged by this chapter or Chapter 5748. of the Revised Code must be altered as the result of an adjustment to the taxpayer's federal income tax return, whether they are initiated by the taxpayer or the Internal Revenue Service, and such alteration affects the taxpayer's tax liability under this chapter or Chapter 5748. of the Revised Code, the taxpayer shall file an amended return with the tax commissioner in such form as the commissioner requires. The amended return * * * shall be filed not later than sixty days after the adjustment has been agreed to or finally determined for federal income tax purposes or any federal income tax deficiency or refund, or the abatement or credit resulting therefrom, has been assessed or paid, whichever occurs first * * *.

"The amended return shall be deemed a return subject to assessment under section 5747.13 of the Revised Code for the purpose of assessing any additional tax due under this section, together with any applicable penalty and interest. ***" (139 Ohio Laws, Part I, 1465-1466.)

{¶ 6} Thus, if the IRS adjusts a taxpayer's federal adjusted gross income, and the adjustment affects the taxpayer's Ohio income tax liability, the taxpayer must file an amended return within sixty days of this determination. The

commissioner, moreover, may assess the amended return. See *Gibson v. Limbach* (1991), 74 Ohio App. 3d 498, 501, 599 N.E.2d 715, 717.

{¶ 7} Former R.C. 5747.13(C) (now, renumbered 5747.13[A]) does set forth a statute of limitations barring the issuance of assessments:

"No assessment shall be made or issued against an employer or taxpayer more than four years after the final date the return subject to assessment was required to be filed or the date the return was filed, whichever is later. ***" (142 Ohio Laws, Part II, 2933.)

{¶ 8} However, the event to be barred by R.C. 5747.13(C), an assessment, did not occur here. Under R.C. 5747.10, the commissioner could have issued assessments against the Mancinos, and other provisions of R.C. 5747.13 set forth the procedure. Nevertheless, the commissioner notified the Mancinos of the deficiencies and requested payment. The Mancinos paid the amounts without the commissioner issuing assessments. Consequently, the Mancinos cannot invoke this bar because the commissioner did not issue assessments. *Gibson* at 500-501, 599 N.E.2d at 717.

{¶ 9} The Mancinos offer no other reason why the commissioner should refund the payments. Accordingly, we affirm the board's decisions.

*Decisions affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____