MANCINO ET AL., APPELLANTS, *v.* TRACY, TAX COMMR., APPELLEE.

[Cite as *Mancino v. Tracy* (1997), 79 Ohio St.3d 151.]

(Nos. 96–2165 and 96–2176—Submitted April 22, 1997—Decided June 25, 1997.)

*Paul Mancino, Jr.,* for appellants.

*Betty D. Montgomery,* Attorney General, and *Richard C. Farrin,* Assistant Attorney General, for appellee.

*Per Curiam.* The Mancinos argue that R.C. 5747.13 bars the commissioner from collecting the deficiency amounts because he sought the amounts more than four years after the Mancinos had timely filed their returns. The commissioner replies that R.C. 5747.13 plays no role in these cases because this statute bars assessments. He, instead, claims he did not assess the Mancinos; he requested that they pay what would be due in amended returns based on the federal adjustments to be filed under R.C. 5747.10. We agree with the commissioner and affirm the board's decisions.

Former R.C. 5747.10 stated:

"If any of the facts, figures, computations, or attachments required in a taxpayer's annual return to determine the tax charged by this chapter or Chapter

5748. of the Revised Code must be altered as the result of an adjustment to the taxpayer's federal income tax return, whether they are initiated by the taxpayer or the Internal Revenue Service, and such alteration affects the taxpayer's tax liability under this chapter or Chapter 5748. of the Revised Code, the taxpayer shall file an amended return with the tax commissioner in such form as the commissioner requires. The amended return * * * shall be filed not later than sixty days after the adjustment has been agreed to or finally determined for federal income tax purposes or any federal income tax deficiency or refund, or the abatement or credit resulting therefrom, has been assessed or paid, whichever occurs first * * *.

"The amended return shall be deemed a return subject to assessment under section 5747.13 of the Revised Code for the purpose of assessing any additional tax due under this section, together with any applicable penalty and interest. * * * " (139 Ohio Laws, Part I, 1465–1466.)

Thus, if the IRS adjusts a taxpayer's federal adjusted gross income, and the adjustment affects the taxpayer's Ohio income tax liability, the taxpayer must file an amended return within sixty days of this determination. The commissioner, moreover, may assess the amended return. See *Gibson v. Limbach* (1991), 74 Ohio App.3d 498, 501, 599 N.E.2d 715, 717.

Former R.C. 5747.13(C) (now, renumbered 5747.13[A] ) does set forth a statute of limitations barring the issuance of assessments:

"No assessment shall be made or issued against an employer or taxpayer more than four years after the final date the return subject to assessment was required to be filed or the date the return was filed, whichever is later. * * * " (142 Ohio Laws, Part II, 2933.)

However, the event to be barred by R.C. 5747.13(C), an assessment, did not occur here. Under R.C. 5747.10, the commissioner could have issued assessments against the Mancinos, and other provisions of R.C. 5747.13 set forth the procedure. Nevertheless, the commissioner notified the Mancinos of the deficiencies and requested payment. The Mancinos paid the amounts without the commissioner issuing assessments. Consequently, the Mancinos cannot invoke this bar because the commissioner did not issue assessments. *Gibson* at 500–501, 599 N.E.2d at 717.

The Mancinos offer no other reason why the commissioner should refund the payments. Accordingly, we affirm the board's decisions.

*Decisions affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.