GIBSON ET AL., APPELLANTS, v. LEVIN, TAX COMMR., APPELLEE.

[Cite as *Gibson v. Levin,* 119 Ohio St.3d 517, 2008-Ohio-4828.]

(No. 2008–0129—Submitted September 17, 2008—Decided September 30, 2008.)

**Per Curiam.**

{¶ 1} Appellants, James E. Gibson and Verna K. Gibson, contest an assessment of unpaid personal income tax issued against them on February 3, 2006. They initiated the present proceedings by filing a petition for reassessment on April 3, 2006.

{¶ 2} Under certain circumstances, income tax payers who file a petition for reassessment must pay the assessment, including interest, to have their petition heard. One such circumstance is when the taxpayers have not filed the required returns before the assessment is issued, R.C. 5747.13(E)(2), which is what the

Tax Commissioner contends happened here—the Gibsons did not file an amended return as required by statute. Because the Gibsons did not file an amended return, the commissioner determined that they had to pay the assessment before their petition could be considered. Noting that the Gibsons had not paid, the commissioner dismissed the petition. The Gibsons then appealed the dismissal to the Board of Tax Appeals ("BTA").

{¶ 3} Before the commissioner, the BTA, and now this court, the Gibsons have argued that the assessment was barred by the four-year statute of limitation set forth in the fourth paragraph of R.C. 5747.13(A). The BTA rejected this argument based on its finding that "the statute does not bar an assessment against a taxpayer who fails to file an amended return pursuant to R.C. 5747.10." Accordingly, the BTA affirmed the dismissal of the petition. We agree with the BTA's decision, and we therefore affirm.

## I

{¶ 4} The assessment at issue emanates from an audit conducted by the Ohio Department of Taxation that was performed when the Department of Taxation learned from the Internal Revenue Service that the taxpayers' federal tax income had been adjusted. Because Ohio ties its personal-income tax to the amount reported as "adjusted gross income" ("AGI") on the taxpayer's federal return, an increase in AGI at the federal level typically leads to an increase in AGI at the state level. See *Knust v. Wilkins*, 111 Ohio St.3d 331, 2006-Ohio-5791, 856 N.E.2d 243, ¶ 14.

{¶ 5} R.C. 5747.10 expressly requires an Ohio income tax payer to file an amended return when an adjustment is made at the federal level, and the statute mandates that taxpayers accomplish the filing no later than 60 days after the adjustment has been agreed to or the final determination at the federal level.[1] The Gibsons do not contend that they filed an amended return; indeed, they admit they did not do so. Nor do they dispute that the assessment at issue pertains to the amount that should have been reflected on the amended return based upon the increase of AGI at the federal level.

---

1. R.C. 5747.08 imposes the general requirement that specified persons file an Ohio income tax return. R.C. 5747.10 then requires the filing of an amended return if the "facts, figures, computations, or attachments" have to be "altered as the result of an adjustment to the taxpayer's federal income tax return." If the federal adjustment means that Ohio tax was underpaid, the statute requires that payment be made with the filing of the return. R.C. 5747.10(A). If the federal adjustment means that Ohio tax was overpaid, the timely filing of the return entitles the filer to a refund of the overpayment. R.C. 5747.10(B). That is true even if the usual four-year statute of limitation has otherwise expired with respect to the filing of a refund claim. Id.; R.C. 5747.11(B).

{¶ 6} R.C. 5747.13(A) authorizes the Tax Commissioner to "make an assessment against any person liable for any deficiency for the period for which the return is or taxes are due" when returns are not filed or are inaccurate. The fourth paragraph of division (A) bars the making or issuance of an assessment "more than four years after the final date the return subject to assessment was required to be filed or the date the return was filed, whichever is later." The last sentence of the same paragraph states that "[t]here shall be no bar or limit to an assessment against * * * [a] taxpayer * * * that fails to file a return subject to assessment as required by this chapter * * *."

{¶ 7} The import of these provisions is threefold. First, deficiency assessments of Ohio personal-income tax are subject to a four-year statute of limitation. Second, the limitation period begins to run on the due date for the return or the actual filing of the return, whichever is later. And third, the limitation period never commences to run if a required return has not been filed.

{¶ 8} On appeal to this court, the Gibsons renew their contention that the statute of limitation expired and that the commissioner was thereby barred from issuing the assessment. The Gibsons assert in their reply brief that they "timely filed their 1995 tax return and the four-year statute of limitations expired in 2000." But the Gibsons are relying on the wrong filing. The commissioner contends, and we agree, that the statute of limitation never began to run, because the Gibsons failed to file an *amended* return *after* the federal government increased their AGI.

{¶ 9} We conclude that no further analysis under the statute is necessary. Because the Gibsons did not file an amended return before the Tax Commissioner issued the assessment, and because the assessment relates to the liability that an amended return would have disclosed, the statute required the Gibsons to pay the tax and the interest assessed in order to maintain their petition for reassessment.

{¶ 10} The statute of limitation has no relevance here, because in order to activate the statute, the Gibsons would not only have had to file an amended return (which they did not do), but they also would have been required to show that the four-year limitation period had lapsed between the actual filing of the amended return (or the due date, if later) and the issuance of the assessment. Absent the filing of the amended return, the statute of limitation never commenced to run. R.C. 5747.13(A). Because the Gibsons did not file the amended return at all, the time element is moot. Therefore, the statute of limitation imposed no bar to the assessment.

## II

{¶ 11} The Gibsons offer three ancillary arguments to bolster their position. None of these arguments has merit.

{¶ 12} First, the Gibsons contend that our decision in *Mancino v. Tracy* (1997), 79 Ohio St.3d 151, 679 N.E.2d 1125, establishes that the four-year statute of limitation bars the assessment in the present case. They are mistaken. In *Mancino*, the commissioner mailed a request to the taxpayers asking that they pay amounts that would be due under amended returns. The taxpayers paid and then sought refunds on the ground that the four-year statute barred the request for payment. We held that R.C. 5747.13's statute of limitation did not apply, because the Mancinos had not paid pursuant to an assessment; the commissioner had issued a request, not an assessment, and the Mancinos offered no substantive ground that would have justified the refund.

{¶ 13} *Mancino* does not address the statute-of-limitation issue, because the statute of limitation did not apply. The payment in *Mancino* was not tendered in satisfaction of an assessment, and the taxpayer advanced no substantive reason that would have justified a refund. Accordingly, the refund was properly denied. Because no assessment was issued in *Mancino*, the question whether the statute of limitation would have barred an assessment never arose. Thus, *Mancino* does not support the proposition that the Gibsons advance in this case.

{¶ 14} Second, the Gibsons argue that the Tax Commissioner knew he was time-barred from issuing an assessment, so he first issued a letter dated January 24, 2005, informing them of the audit, identifying the amount owed, and requesting information if they disagreed with the commissioner's determination of a deficiency. The Gibsons characterize the 2005 letter as a "strategy" designed to "circumvent the four-year time bar" by "bait[ing]" the Gibsons into making a payment. As already discussed, we held in *Mancino* that a claim for refund of a payment that was not tendered to satisfy an actual assessment may not be predicated on the statute of limitation for issuing assessments. But nothing in our decision in *Mancino* makes it improper for the commissioner to send an initial letter requesting payment or clarification. Indeed, sending such a letter can benefit taxpayers as well as the state by facilitating communication with the Department of Taxation before a formal assessment is issued.

{¶ 15} Moreover, even if the Tax Commissioner did believe that he was time-barred from issuing an assessment and sent the correspondence solely as part of a strategy, to bait the Gibsons into paying, his mistaken belief would not alter our decision. The statute is clear—the limitation period does not begin to run until the date the amended tax return is due or the date the amended tax return is filed, whichever is later. We conclude that the Tax Commissioner does not act unreasonably or unlawfully by sending such a letter. Sending it had no legal effect on the Gibson's obligation to tender payment in order to pursue their petition for reassessment.

{¶ 16} Third, the Gibsons warn that acceptance of the commissioner's position will give taxpayers a right to claim refunds without regard to the statute of limitation. However, as discussed in footnote 1, this contention has no merit. The General Assembly passed a separate refund provision that requires refund claims to be filed, as a general rule, within four years from the date of the erroneous overpayment. R.C. 5747.11(B). But the legislature expressly provided that the requirement that an amended return be filed opens a 60–day window for applying for a refund when the amended return reflects an adjustment to the federal tax return. R.C. 5747.10(B). As a result, there is no parade of horribles; the statute imposes a limitation by tying the refund of an overpayment to the timely filing of an amended return.

### III

{¶ 17} For all the foregoing reasons, we hold that the plain language of the statutes required dismissal of the Gibsons' petition for reassessment, because the Gibsons had not made payment as required by R.C. 5747.13(E)(2). We therefore affirm.

Decision affirmed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents.

---

Roetzel & Andress, L.P.A., Edward C. Hertenstein, and Scot C. Crow, for appellants.

Nancy Hardin Rogers, Attorney General, and Alan P. Schwepe, Assistant Attorney General, for appellee.