[Cite as *State v. Calhoun*, 2021-Ohio-2101.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF SHAKER HEIGHTS, OHIO,  :

    Plaintiff-Appellee,  :

            v.  :

          No. 109601

ERICA L. CALHOUN, ET AL.,  :

    Defendants.  :

[Appeal by Michael Davie,
Defendant-Appellant.]  :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 24, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-916606

---

### *Appearances:*

Regional Income Tax Agency, Amber E. Greenleaf Duber, Amy
L. Arrighi, and Jeffrey P. Sherman, *for appellee.*

Michael Davie, *pro se.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Appellant Michael Davie appeals the grant of summary judgment to appellee city of Shaker Heights upon its complaint for taxes owed. Because the trial

court properly granted summary judgment, we affirm the grant of summary judgment.

PROCEDURAL HISTORY AND FACTS

{¶ 2} On April 10, 2018, the city of Shaker Heights (hereinafter "the city") filed a complaint against Erica Calhoun[1] and Michael Davie for unpaid municipal income tax for the years 2011 through 2016. The city voluntarily dismissed its complaint on January 1, 2019. On June 11, 2019, the city refiled its complaint and sought judgment in the amount of $5,144 plus associated penalties and interest. The city alleged that no municipal income tax return was filed by Calhoun or Davie for those years. Both the city and the defendants filed motions for summary judgment.

{¶ 3} In its motion for summary judgment, the city alleged that for the years 2011 through 2016, Davie resided in the city, that he earned wages subject to taxation, and that he failed to file a return or remit the taxes due. The motion was supported by an affidavit from a paralegal at the Regional Income Tax Agency, federal tax returns, and Davie's responses to requests for admissions. In his brief in opposition to the city's motion for summary judgment, Davie requested summary judgment alleging that the city never exhausted its administrative remedies, gave him any notice of tax assessments, and filed its suit outside a three-year statute of limitations. He further contested the amount of tax sought for the years 2013 and

---

[1] Erica Calhoun has not appealed the judgment.

2014 due to lawsuit settlements. The city filed a reply to the brief in opposition and moved the trial court to strike Davie's motion for summary judgment because it was filed outside the court's dispositive-motion deadline. The city further noted that it did not use Davie's lawsuit settlement to calculate tax due from Davie for the year 2014.

{¶ 4} It was not disputed that Davie was a resident of the city and did not file a municipal income tax return in the years 2011 through 2016. On January 3, 2020, the trial court denied Davie's motion for summary judgment and granted the city's motion for summary judgment against him. In so doing, the trial court found 1) that the city was not required to pursue an administrative process before filing the actions, 2) that R.C. 718.90(A) did not mandate that the tax commissioner make an assessment, and 3) that the period of limitations had not run because Davie had not filed a return for the years in question.

{¶ 5} The trial court further found that there was an issue of fact regarding the taxable income for 2013. On February 21, 2020, the city dismissed its claim for taxes due for the year 2013. The trial court then entered a final judgment awarding the city $3,800 against Calhoun and Davie for the tax years 2011, 2012, 2014, 2015, and 2016 plus statutory interests, costs associated with the action, and post-judgment collection costs and fees as provided in R.C. 718.27(G).

LAW AND ARGUMENT

{¶ 6} Under Civ.R. 56, the grant of a motion for summary judgment is appropriate where:

> (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his or her favor.

*Carter v. Officer Hymes*, 8th Dist. Cuyahoga No. 108523, 2020-Ohio-3967, ¶ 20-23, citing *Harless v. Willis Day Warehousing Co., Inc.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); Civ.R. 56(C).

{¶ 7} Civ.R. 56(C) provides that summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A trial court's grant of summary judgment is reviewed de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St. 3d 102, 105, 671 N.E.2d 241 (1996).

{¶ 8} In his first assignment of error, Davie claims that "[t]he trial court erred in granting Summary Judgment where Plaintiff failed to comply with Due Process of law after it assessed Defendants with wage taxes." He argues that the city could not directly file an action for the collection of taxes, but instead must proceed to collect taxes by way of an administrative procedure pursuant to R.C. 718.90. Davie asserts that because there is an administrative procedure for the assessment and collection of taxes, he has been deprived of due process of law because the administrative notice requirements in R.C. 718.90 and Shaker Heights Codified

Ordinances 111.2503 were not met. Further, he asserts that because an administrative system for income tax matters has been created, the city must resort to that system prior to taking any other action to collect taxes, citing *Nielsen v. Ford Motor Co.*, 113 Ohio App.3d 495, 500, 681 N.E.2d 470 (9th Dist.1996). The city argues that the trial court correctly denied Davie's motion for summary judgment but did so for the wrong reason. The city argues that R.C. 718.90 does not apply to Davie.

{¶ 9} By its own terms, R.C. 718.90(A) limits its provision to a "taxpayer required to file a return under section 718.80 to 718.95 of the Revised Code" R.C. 718.80 through 718.95 apply to taxpayers electing to file as net profit taxpayers, and Davie did not allege that he made such election. Accordingly, his reliance on R.C. 718.90 is misplaced because that revised code section and any notice provisions therein do not apply to him.

{¶ 10} As to the exhaustion doctrine, the Ohio Supreme Court has held that an exhaustion of remedies is not required where there is a judicial remedy that is intended to be separate and apart from the administrative process. *Basic Distrib. Corp. v. Ohio Dept. of Taxation*, 94 Ohio St.3d 287, 290, 2002-Ohio-794, 762 N.E.2d 979. Davie failed to cite any prohibition in law that requires the city to pursue an administrative remedy for the collection of taxes due. Because the city was not prohibited from filing a lawsuit to collect taxes it believed due, Mr. Davie was not denied any due process rights and Davie's first assignment of error is overruled.

{¶ 11} In his second assignment of error, Davie claims that "Plaintiff's claims were barred by a three (3) year statute of limitations and its application of R.C. 718.12 and the City of Shaker Heights' Ordinance 111.1701 to the facts presented in the trial court were unconstitutional." The city argues that because Davie never filed a return, the applicable statute of limitations did not begin to run.

{¶ 12} The applicable statute of limitations for the filing of actions to recover taxes due is set forth in R.C. 718.12(A)(1)(a), which provides:

> Civil actions to recover municipal income taxes and penalties and interest on municipal income taxes shall be brought within the later of:
>
> (i) Three years after the tax was due or the return was filed, *whichever is later*; or
>
> (ii) One year after the conclusion of the qualifying deferral period, if any.

(Emphasis added.)

{¶ 13} Shaker Heights Codified Ordinances 111.1701 contains similar time limitations on filing suit:

> All taxes imposed by this chapter shall be collectible, together with any interest and penalties thereon, by suit, as other debts of like amount are recoverable. *Except in the case of* fraud, or omission of a substantial portion of income subject to this tax, or of *failure to file a return*, an additional assessment shall not be made after three (3) years from the time the return was due or filed, whichever is later, provided, however, in those cases in which the Commissioner of Internal Revenue and the taxpayer have executed a waiver of the Federal statute of limitations, the period within which an additional assessment may be made by the Administrator shall be one (1) year from the time of the final determination of the Federal tax liability.

(Emphasis added.)

{¶ 14} There is no dispute in the record that Davie did not file a municipal income tax return for the years that the city sought to collect municipal income tax. "Since no income tax return has yet been filed in the case at bar, any such filing will naturally be later than the date the taxes were due, since the due date has already passed. Therefore, the three-year statute has yet to begin running." *Springfield v. Hicks*, 48 Ohio App.3d 147, 148, 548 N.E.2d 972 (2d Dist.1988); *see also Gibson v. Levin*, 119 Ohio St.3d 517, 2008-Ohio-4828, 895 N.E.2d 548, ¶ 10. In this case, the statute of limitations did not begin to run and Davie's second assignment of error is overruled.

{¶ 15} In his third assignment of error, Davie claims that "[t]he trial court erred in sua sponte granting Summary Judgment where issues were not raised by Plaintiff." He claims that the trial court sua sponte determined that the city was not required to proceed administratively before filing suit in a court of law. However, in his motion for summary judgment, Davie argued that the city could not file suit without first proceeding administratively. Thus, the court did not sua sponte determine an issue in the case; rather, the trial court determined the issue raised by him. As such, we overrule the third assignment of error.

{¶ 16} In his fourth assignment of error, Davie claims, "The trial court abused its discretion in failing to grant Defendants' Protection Order request." The city argues that Davie has no standing to raise this argument where he did not make a motion for protective order. The docket reflects that Calhoun filed a request for

protective order regarding personal identifying information attached to the city's motion for summary judgment. Davie did not file a similar request for a protective order in this case.

{¶ 17} We have found that an appellant may only complain of error committed against a nonappealing party if the appellant can demonstrate that the error is prejudicial to his or her rights. *Prouse, Dash & Crouch, L.L.P. v. DiMarco*, 8th Dist. Cuyahoga No. 96728, 2012-Ohio-12, ¶ 10, citing *In re Hitchcock*, 120 Ohio App.3d 88, 99-100, 696 N.E.2d 1090 (8th Dist.1996), *In re Hiatt*, 86 Ohio App.3d 716, 721, 621 N.E.2d 1222 (4th Dist.1993). However, Davie has not asserted that the trial court's treatment of Calhoun's request affected his rights nor has he asserted how he was prejudiced by the trial court's resolution of the request. Further, the trial court's determination of Calhoun's motion had no effect on the issues raised in the motions for summary judgment. Accordingly, the fourth assignment of error is overruled.

CONCLUSION

{¶ 18} The trial court properly granted summary judgment in this case where there was no material fact in dispute and the record demonstrated that the city was entitled to judgment as a matter of law. Because Davie had not filed a municipal income tax return, the applicable statute of limitations had not begun to run and the city was not prohibited from filing an action to recover municipal income taxes.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
LISA B. FORBES, J., CONCUR