HAFIZ ET AL., APPELLANTS, *v.* LEVIN, TAX COMMR., APPELLEE.

[Cite as *Hafiz v. Levin,* 120 Ohio St.3d 447, 2008-Ohio-6788.]

*Personal income tax — Petition for reassessment — R.C. 5747.13(B) is mandatory and jurisdictional, and failure to comply with 60-day filing requirement leads to dismissal.*

(No. 2007-2450 – Submitted July 16, 2008 – Decided December 30, 2008.)

APPEAL from the Board of Tax Appeals, No. 2005-R-1627.

_____

**Per Curiam.**

{¶ 1}  Appellants, Abdul and Rawnaq Hafiz, contest an assessment of unpaid personal income taxes.  In 1992, the Internal Revenue Service ("IRS") began an audit of appellants' personal income tax returns for tax years 1989, 1990, and 1991.  In January 1994, the IRS proposed adjustments to appellants' federal tax returns for the tax years in question.  Appellants disagreed with the proposed adjustments and appealed through the IRS's administrative hearing process.  The IRS matter became final in 2001, after appellants had paid a total of $227,000 to resolve any remaining deficiencies regarding their 1989, 1990, and 1991 federal returns.

{¶ 2}  The assessment at issue resulted from information that the Ohio Department of Taxation received from the IRS.  In August 2004, the Department of Taxation notified appellants that it had obtained information from the IRS that their federal tax income for tax years 1989 through 1991 had been adjusted.  The adjustments at the federal level resulted in an increase in appellants' Ohio personal income taxes.  On March 16, 2005, the Department of Taxation issued an assessment to appellants, increasing their Ohio tax liability by $50,436.39.  The assessment was delivered to appellants on March 24, 2005.

{¶ 3}  Appellants challenged the assessment by filing a petition for reassessment with the Tax Commissioner pursuant to R.C. 5747.13.  The petition

was postmarked May 24, 2005. Consequently, the Tax Commissioner dismissed appellants' petition, finding that he lacked jurisdiction over the petition because it had been filed 61 days after service of the notice of assessment, rather than within 60 days of the notice as required by R.C. 5747.13(B).

{¶ 4} Appellants appealed to the Board of Tax Appeals ("BTA"), claiming that the Tax Commissioner's Final Determination was in error because the Department of Taxation's assessment had been issued after the expiration of the four-year statute of limitations contained in R.C. 5747.13(A). The BTA found, however, that appellants had failed to challenge the commissioner's dismissal of their petition based on his lack of jurisdiction. Because this issue was the only one addressed by the commissioner, the BTA dismissed the appeal based on appellants' failure to specify any error in their notice of appeal that would invoke the jurisdiction of the BTA. Despite finding that it lacked jurisdiction to consider appellants' appeal, the BTA nevertheless stated that it would have been compelled to affirm the commissioner's determination had appellants properly invoked its jurisdiction. Appellants have now appealed to this court.

I

{¶ 5} R.C. 5747.13 sets forth the procedures that must be followed once the commissioner issues an assessment for a tax deficiency that the taxpayer wishes to contest. R.C. 5747.13(B) provides:

{¶ 6} "Unless the party assessed files with the tax commissioner within sixty days after service of the notice of assessment, either personally or by certified mail, a written petition for reassessment, signed by the party assessed or that party's authorized agent having knowledge of the facts, the assessment becomes final, and the amount of the assessment is due and payable * * * ."

{¶ 7} The record here reflects that the notice of assessment was mailed by certified mail to the appellants on March 16, 2005. According to the signed

return receipt, appellants were served with the notice of assessment on March 24, 2005. To comply with the 60-day filing requirement in R.C. 5747.13(B), appellants had to file their petition for reassessment no later than May 23, 2005. The postmark date on appellants' petition, however, was May 24, 2005.

{¶ 8} It is clear from a plain reading of the statute that a taxpayer who seeks to contest an assessment must file his petition for reassessment within 60 days after service of the notice of assessment, or the assessment becomes final, due, and payable. Statutory provisions, such as R.C. 5747.13(B), that set forth timely filing requirements go to the core of procedural efficiency. We have read such provisions as mandatory and jurisdictional, and the failure to fully comply with such requirements properly leads to dismissal. See *Akron Std. Div. of Eagle-Picher Industries, Inc. v. Lindley* (1984), 11 Ohio St.3d 10, 12, 11 OBR 9, 462 N.E.2d 419, and *VeriFone, Inc. v. Limbach* (1994), 69 Ohio St.3d 699, 702, 635 N.E.2d 377. Accordingly, the commissioner correctly found that he lacked jurisdiction to consider appellants' petition for reassessment as a result of their failure to comply with the 60-day filing requirement in R.C. 5747.13(B).

II

{¶ 9} Appellants do not dispute that they failed to file their petition for reassessment within the statutory deadline in R.C. 5747.13(B). Rather, they offer an alternative argument that the commissioner was barred from issuing the assessment in the first instance because the assessment was issued after the expiration of the four-year statute of limitations contained in R.C. 5747.13(A).

{¶ 10} Appellants' failure to follow the jurisdictional prerequisites for filing a petition for reassessment renders this court unable to reach the merits of appellants' appeal. See *CNG Dev. Co. v. Limbach* (1992), 63 Ohio St.3d 28, 31-32, 584 N.E.2d 1180.

{¶ 11} Yet even if appellants had sufficiently invoked the commissioner's jurisdiction, their statute-of-limitations argument fails. The fourth paragraph of

R.C. 5747.13(A) bars the commissioner from issuing an assessment against the taxpayer "more than four years after the final date the return subject to assessment was required to be filed or the date the return was filed, whichever is later." In addition, whenever an adjustment is made to the taxpayer's federal income tax return, R.C. 5747.10 expressly requires an Ohio income taxpayer to file an amended return, and the statute mandates that taxpayers accomplish this filing no later than 60 days after the adjustment has been agreed to or the final determination is made at the federal level.

**{¶ 12}** We recently held that absent the filing of an amended return, the statute of limitations in R.C. 5747.13(A) never commences to run. *Gibson v. Levin,* 119 Ohio St.3d 517, 2008-Ohio-4828, 895 N.E.2d 548, ¶ 10. Thus, because appellants did not file an amended return as required by R.C. 5747.10, the assessment was not barred by the statute of limitations in R.C. 5747.13(A).

**{¶ 13}** Appellants alternatively contend that the assessment here was barred by R.C. 5703.58, which establishes a ten-year statute of limitations within which the commissioner may assess an unpaid tax. The statute of limitations in R.C. 5703.58 runs "from the date the tax return or report was due when such amount was not reported and paid."

**{¶ 14}** Under appellants' interpretation, the statute of limitations in R.C. 5703.58 began to run from the filing of their tax returns for tax years 1989, 1990, and 1991. Thus, according to appellants, R.C. 5703.58 bars the assessment here because it occurred on March 16, 2005, well outside the ten-year statute of limitations.

**{¶ 15}** Although the uncodified section makes the application of R.C. 5703.58 retroactive,[1] the statute does not act to bar the assessment issued in this

---

1. The uncodified section of R.C. 5703.58 provides that the statute applies "to assessments made * * * before, on, or after the effective date of this act." The statute was enacted on September 28, 2006, after the appellants had filed their notice of appeal to the BTA. Based on our determination

case. The same uncodified section provides that "the statute of limitations * * * to assessment in section 5703.58 of the Revised Code, as enacted by this act, expire[s] not earlier than three years after the effective date of this act, notwithstanding any provisions in such sections to the contrary." R.C. 5703.58 became effective on September 28, 2006. By these terms, the limitations period established in R.C. 5703.58 would not act to bar an assessment until September 28, 2009. In other words, the uncodified section suspends operation of the limitations period for three years beyond the statute's effective date. Accordingly, the assessment here is not barred.

### III

**{¶ 16}** For the reasons discussed above, we hold that R.C. 5747.13(B) required dismissal of appellants' petition for reassessment because the appellants did not comply with the 60-day statutory filing requirement for filing the petition. We therefore affirm.

Decision affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Ishraq A. Hafiz, for appellants.

Nancy Hardin Rogers, Attorney General, and Damion M. Clifford, Assistant Attorney General, for appellee.

_____

---

that the statute is inapplicable, we do not address whether appellants could raise this issue without first raising it in both their petition for reassessment and notice of appeal to the BTA. See R.C. 5747.13(B) (requiring taxpayer to raise objections to assessment in petition for reassessment) and 5717.02 (restricting jurisdiction of BTA to only those errors specified in notice of appeal).