[Cite as *Meadows Dev., L.L.C. v. Champaign Cty. Bd. of Revision*, 124 Ohio St.3d 349, 2010-Ohio-249.]

MEADOWS DEVELOPMENT, L.L.C., APPELLANT, *v.* CHAMPAIGN COUNTY
BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Meadows Dev., L.L.C. v. Champaign Cty. Bd. of Revision*,
124 Ohio St.3d 349, 2010-Ohio-249.]

*A board of revision has jurisdiction to perform a second certification of its
decision pursuant to R.C. 5715.20, provided it does so within the 30-day
appeal period established by its first certification and provided no appeal
has yet been taken from the first certification — When valid, a second
certification of a board's decision starts a new 30-day appeal period
under R.C. 5717.01 — A board of revision properly certifies its decision
under R.C. 5715.20 when it mails the decision by certified mail to any
address that is reasonably calculated to give notice of the decision to the
owner.*

(No. 2009-0064 — Submitted November 4, 2009 — Decided February 3, 2010.)

APPEAL from the Board of Tax Appeals, No. 2007-B-595.

_____

**Per Curiam.**

{¶ 1} Meadows Development, L.L.C. ("Meadows"), appeals from a decision of the Board of Tax Appeals ("BTA"), in which the BTA dismissed Meadows's appeal from a decision of the Champaign County Board of Revision ("BOR"). The BTA held that Meadows had filed its notice of appeal more than 30 days after the BOR had certified its decision pursuant to R.C. 5715.20. See R.C. 5717.01 ("An appeal from a decision of a county board of revision may be taken to the board of tax appeals within thirty days after notice of the decision of the county board of revision is mailed as provided in division (A) of section 5715.20 of the Revised Code").

{¶ 2}   On line 1 of its valuation complaint, Meadows identified itself as the owner of the property and gave its own address, as called for by the complaint form.  Then, on line 3, Meadows identified a law firm as its agent and gave the address of the law firm in the appropriate space.  The issue in this case arises because the Champaign County Board of Revision ("BOR"), when it issued its decision in this case, certified that decision *first* to Meadows at its own address, and *second* to Meadows at its attorneys' address.  The BTA held that the 30-day period for Meadows to file its appeal from the BOR decision began to run when the BOR *first* certified the decision.  Because Meadows filed its appeal more than 30 days after that certification, the BTA held that Meadows's notice of appeal was untimely and ordered that it be dismissed.

{¶ 3}   On appeal to this court, Meadows argues that the 30-day appeal period ran from a later date – the date on which the BOR certified the decision to the address of Meadows's attorneys.  While we reject the legal reason that Meadows advances, we agree that the appeal period began to run from the later certification.  We therefore reverse the decision of the BTA and remand the cause for further proceedings.

**Facts**

{¶ 4}   On March 30, 2007, Meadows filed a complaint that challenged the value that the Champaign County Auditor had assigned to its property.  The three parcels at issue constitute a 200-pad mobile-home park that the auditor valued at $2,170,428 for tax year 2006.  Meadows argued before the BOR that the property was worth only $1,718,100.  The Triad Local School District Board of Education filed a countercomplaint seeking to retain the auditor's valuation.  After a hearing, the BOR retained the auditor's valuation.

{¶ 5}   On June 14, 2007, the BOR certified its decision by certified mail to the address set forth on the complaint as Meadows's own address. Fifteen days later, on June 29, 2007, the BOR certified the decision again, this time sending it

by certified mail to the address set forth on the complaint as the address of Meadows's agent – namely, the law firm Siegel, Siegel, Johnson & Jennings Co., L.P.A. A lawyer from the law firm had appeared and represented Meadows at the BOR hearing in May 2007.

**{¶ 6}** On July 24, 2007, 40 days after the first certification of the BOR decision and 25 days after the second certification, Meadows filed a notice of appeal from the BOR to the BTA. The school board moved to dismiss the appeal as untimely filed. Meadows did not respond.

**{¶ 7}** In its December 9, 2008 decision, the BTA agreed with the school board, holding that the BOR had complied with R.C. 5715.20 when it sent notice "to the owner at the address listed on the complaint." *Meadows Dev., L.L.C. v. Champaign Cty. Bd. of Revision* (Dec. 9, 2008), BTA No. 2007-B-595, 2008 WL 5227224, at *2. The BTA further held that the June 14, 2007 mailing "started the thirty-day appeal period." Id. at *1.

**{¶ 8}** The BTA also held that the subsequent mailing of the decision to the address of Meadows's attorneys "did not change the date the appeal period began." Id. In so holding, the BTA relied upon its decision in *E. Sky Ministries v. Monroe Cty. Bd. of Revision* (Sept. 3, 2004), BTA No. 2004-T-559, 2004 WL 1977458, which rejected the contention that Civ.R. 5(B) applied and that the rule required certification to be made to the attorney of an owner who was represented in the proceedings. In neither *E. Sky* nor the present case did the BTA address the propriety of a board of revision's certifying its decision to the attorney named by the owner; in both, the BTA relied exclusively on its holding that the decision had been properly certified to the owner itself.

**{¶ 9}** Meadows appealed the dismissal to this court. We now reverse the BTA's decision and remand the cause for further proceedings.

**Analysis**

**{¶ 10}** The BTA is responsible for determining factual issues, but we " 'will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion.' " *Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856, 856 N.E.2d 954, ¶ 14, quoting *Gahanna-Jefferson Local School Dist. Bd. of Edn. v. Zaino* (2001), 93 Ohio St.3d 231, 232, 754 N.E.2d 789.

**{¶ 11}** The present appeal involves a legal issue. R.C. 5715.20 provides that a county board of revision, after it "renders a decision on a complaint filed under section 5715.19 of the Revised Code," shall "certify its action by certified mail to the person in whose name the property is listed or sought to be listed and to the complainant if the complainant is not the person in whose name the property is listed or sought to be listed." R.C. 5717.01 provides that a party who wishes to appeal from a decision of a board of revision to the BTA must file its appeal within 30 days of the certified mailing of the board of revision's decision. The issue in this case is whether the BTA correctly concluded that the appeal period expired 30 days after *the initial certification* by the BOR of its decision.

**{¶ 12}** We conclude that the BTA erred. The BOR had jurisdiction to perform a new certification of its decision to the address of Meadows's attorneys on June 29, 2007, and because that certification was reasonably calculated to give actual notice of the decision to the owner, it commenced the running of a 30-day appeal period. Since Meadows filed its appeal 25 days thereafter, the appeal was timely filed.

> *Under R.C. 5715.20, a board of revision validly certifies its decision*
>> *when it sends the decision by certified mail to an address*
>> *that is reasonably calculated to give notice to the owner.*

**{¶ 13}** The BTA concluded that the BOR's first certification was proper and started the running of the appeal period and that the second certification had no effect on the appeal period. Meadows contends that the BTA erred because under Civ.R. 5(B), the BOR had a legal duty to certify the decision to the address

of Meadows's attorneys, not Meadows's address. Meadows reasons that the first certification was invalid because it did not comply with Civ.R. 5(B) and that the BOR started the appeal period when it complied with the rule by certifying the decision to Meadows's attorneys.

{¶ 14} We do not agree that the Civil Rules apply to the circumstances in this case. By their own terms, the Civil Rules apply to "all courts of this state in the exercise of civil jurisdiction at law or in equity." Civ.R. 1(A). Neither the BOR nor the BTA constitutes a "court," and neither entity exercises civil jurisdiction at law or in equity. See *HealthSouth Corp. v. Levin*, 121 Ohio St.3d 282, 2009-Ohio-584, 903 N.E.2d 1179, ¶ 24, quoting *Columbus S. Lumber Co. v. Peck* (1953), 159 Ohio St. 564, 569, 50 O.O. 457, 113 N.E.2d 1 (as an administrative agency, the BTA " 'does not have equitable jurisdiction' "). It follows that the proceedings in this case, being administrative in nature, do not as a general matter fall within the ambit of the Civil Rules.

{¶ 15} Moreover, although Meadows relies on *Swander Ditch Landowners' Assn. v. Joint Bd. of Huron & Seneca Cty. Commrs.* (1990), 51 Ohio St.3d 131, 554 N.E.2d 1324, that decision does not furnish grounds for resorting to the Civil Rules here. *Swander Ditch* differs from the present case in two material respects. First, *Swander Ditch* applied Civ.R. 5(B) when the appeal from the administrative decision was prosecuted to the common pleas court – a forum in which the Civil Rules do govern the proceedings. Id. at 133. Second, in *Swander Ditch,* no statute prescribed the means for giving notice of the administrative decision, and the court therefore looked to the Civil Rules as a gap filler. Id. By stark contrast, R.C. 5715.20 articulates the certification requirement for BOR decisions. There is therefore no reason to resort to the Civil Rules, because there is no gap to fill. See also *Tower City Properties v. Cuyahoga Cty. Bd. of Revision* (1990), 49 Ohio St.3d 67, 70, 551 N.E.2d 122 (the nature of

property-valuation proceedings makes the Civil Rules inapplicable under Civ.R. 1(C)).

{¶ 16} Although we reject Meadows's argument regarding the applicability of the Civil Rules, that rejection does not by itself establish whether the second certification of the BOR decision affected the time for appeal. Our recent decision in *Knickerbocker Properties, Inc. XLII v. Delaware Cty. Bd. of Revision*, 119 Ohio St.3d 233, 2008-Ohio-3192, 893 N.E.2d 457, ¶ 17, provides guidance in this regard.

{¶ 17} In *Knickerbocker Properties*, we held that the board of revision failed to properly give notice of a hearing pursuant to R.C. 5715.19(C) and 5715.12. Id. at ¶ 18. R.C. 5715.19(C) requires a board of revision to notify a complainant and, if the complainant is not the owner, to send notice of the hearing to the property owner as well. R.C. 5715.12 requires a board of revision to notify an owner and give that person an opportunity to be heard before any increase in valuation. Like R.C. 5715.20, both R.C. 5715.19(C) and 5715.12 call for the use of certified mail and do not specify what address ought to be used.

{¶ 18} Because the statutes did not state what address must be used, we held that in accordance with the basic dictates of due process, the notice could be mailed to any address that was reasonably calculated to give notice to the owner. *Knickerbocker Properties*, 119 Ohio St.3d 233, 2008-Ohio-3192, 893 N.E.2d 457, ¶ 17. The same reasoning applies here: a board of revision properly certifies its decision under R.C. 5715.20 when it mails the decision by certified mail to an address that is reasonably calculated to give notice of the decision to the owner.

{¶ 19} Thus, if the second certification of the BOR decision in this case was reasonably calculated to give notice of the BOR decision to the owner, it may have been effective in restarting the running of the appeal period.[1]

---

1. We note that Meadows predicated its argument solely on applying Civ.R. 5(B). Usually, our jurisdiction on appeal from a BTA decision is confined to the issues raised in the notice of appeal

*Sending the BOR decision to the address of the owner's attorney*
*is reasonable when the attorney has represented the owner*
*at the BOR hearing*

**{¶ 20}** As an initial matter, we note that the due-process standard does not necessarily fix one address as proper to the exclusion of all others. It is possible that more than one address satisfies the requirement that the mailing be reasonably calculated to give notice to the intended recipient. In this case, that means that the BOR might have been able to validly certify its decision to the owner's address, the law firm's address, or some other address.

**{¶ 21}** That said, we have little difficulty in determining that the BOR's certification of its decision to the law firm was reasonably calculated to give Meadows notice of the decision. This conclusion flows from two facts: first, Meadows identified the firm as its agent for purposes of the valuation complaint; second, the firm actually represented Meadows at the BOR hearing. Indeed, when an attorney is clearly engaged in active representation of the owner, sending the BOR decision to the attorney generally constitutes the best practice for the BOR to follow.

**{¶ 22}** Despite these considerations, the BTA found that the second certification did not affect the appeal period. It based that conclusion on its determination that the initial certification to the owner's address was valid and that the earlier certification started the appeal period running. The BTA's conclusion raises one final question for our review: Did the first certification preclude the second certification? We now consider that issue.

---

and the brief. See *Newman v. Levin*, 120 Ohio St.3d 127, 2008-Ohio-5202, 896 N.E.2d 995, ¶ 28. But the question whether a notice of appeal was timely filed concerns the BTA's jurisdiction. See *Hafiz v. Levin*, 120 Ohio St.3d 447, 2008-Ohio-6788, 900 N.E.2d 181, ¶ 8. We have held that our jurisdiction to consider and decide such an issue is plenary and not limited by the appellant's notice of appeal. See *Elyria v. Lorain Cty. Budget Comm.*, 117 Ohio St.3d 403, 2008-Ohio-940, 884 N.E.2d 553, ¶ 12-13.

*The BOR had jurisdiction to certify its decision to a new address, as long as the second certification occurred within 30 days of the first certification*

**{¶ 23}** The BTA held that the BOR had complied with R.C. 5715.20 when it sent notice "to the owner at the address listed on the complaint." *Meadows Dev., L.L.C. v. Champaign Cty. Bd. of Revision*, BTA No. 2007-B-595, 2008 WL 5227224, *2. Apart from Meadows's claim under Civ.R. 5(B), which we have rejected, Meadows has not challenged this finding. Since the first certification was valid under R.C. 5715.20, it started the running of a 30-day appeal period. Did that first certification make the second certification invalid?

**{¶ 24}** We hold that the first certification did not preclude the second certification. The BOR originally certified its decision on June 14, 2007, and then 15 days later recertified its decision. Because the second certification fell within the 30-day period for appealing from the first certification, and because it was reasonably calculated to give notice, the second certification was valid.

**{¶ 25}** We have held that boards of revision, being administrative tribunals, have " ' "inherent authority to reconsider their own decisions since the power to decide in the first instance carries with it the power to reconsider," ' " but that such authority "does not extend beyond 'the actual institution of an appeal or expiration of the time for appeal.' " *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 121 Ohio St.3d 218, 2009-Ohio-760, 903 N.E.2d 299, ¶ 14, quoting *Cincinnati School Dist.*, 87 Ohio St.3d at 368, 721 N.E.2d 40, quoting *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co.* (1986), 28 Ohio St.3d 20, 28 OBR 83, 502 N.E.2d 590, paragraph three of the syllabus. Under this principle, the BOR still possessed authority to vacate or modify its decision as of the date of the second certification. Had the BOR issued a new and substantively different decision on that date, the proper certification of that modified decision would unquestionably have commenced the running of a new appeal period.

**{¶ 26}** We hold that the same rationale extends to the situation when a board of revision certifies a substantively identical decision to a new address within the 30-day appeal period. Because the BOR modified its certification of the decision within the 30-day window for an appeal from the initial certification, and because no appeal had actually been instituted from the first certification, the second certification was valid and restarted the running of the 30-day appeal period.

**{¶ 27}** The recertification of the BOR's decision on June 29, 2007, commenced the running of the 30-day appeal period within which Meadows, on July 24, 2007, timely filed its appeal to the BTA. Accordingly, the BTA erred by dismissing the appeal for lack of jurisdiction. We therefore reverse the decision and remand the cause for further proceedings.

Decision reversed

and cause remanded.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., concurs in judgment only.

_____

Siegel, Siegel, Johnson & Jennings Co., L.P.A., Nicholas M.J. Ray, and J. Kieran Jennings, for appellant.

Bricker & Eckler, L.L.P., Jonathan T. Brollier, and Mark A. Engel, for appellee Triad Local School District Board of Education.

_____