IN RE ESTATE OF CENTORBI.

[Cite as *In re Estate of Centorbi,* **129 Ohio St.3d 78, 2011-Ohio-2267.**]

*Probate — Estate — Medicaid estate-recovery program — R.C. 2117.061(E) — Administrator of Medicaid estate-recovery program must present claim for estate recovery within either 90 days after filing of reporting form by person responsible for the estate or within one year after decedent's death, whichever is later — Limitations periods operate in the alternative, with later of two designated events constituting the deadline — Ninety-day limit does not begin to run until estate-recovery administrator is properly notified that estate may be subject to recovery of Medicaid assistance paid to decedent.*

(No. 2010-0597 — Submitted March 23, 2011 — Decided May 18, 2011.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 93501,

186 Ohio App.3d 263, 2010-Ohio-442.

_____

**O'CONNOR, C.J.**

{¶ 1} In this appeal, we address the statute of limitations governing the recovery of assets from the estates of deceased Medicaid recipients.

{¶ 2} The controlling statute, R.C. 2117.061(E), states: "The administrator of the medicaid estate recovery program shall present a claim for estate recovery to the person responsible for the estate of the decedent or the person's legal representative not later than ninety days after the date on which the medicaid estate recovery reporting form is received under division (B) of this section or one year after the decedent's death, whichever is later."

{¶ 3} Appellee Diane Nancy Fiorille is the person responsible for the estate of Josephine A. Centorbi. Fiorille asserts that the Medicaid estate-recovery

program, which is administered by appellant, the Ohio Department of Job and Family Services ("ODJFS"), is bound by a one-year statute of limitations in making claims against a Medicaid beneficiary's estate. ODJFS, however, contends that the statute sets forth two alternative limitations periods: one that limits claims to 90 days after the Medicaid estate-recovery form is received by the Medicaid estate-recovery program administrator and one that limits claims to one year after the decedent's death. ODJFS further contends that it can still present its claim against the Centorbi estate by relying on the 90-day statute of limitations, even though it is more than one year beyond the death of Centorbi, because it was not notified of its potential claim through a Medicaid estate-recovery reporting form. We agree with ODJFS.

{¶ 4} R.C. 2117.061(E) sets forth alternative limitations periods that allow ODJFS to file a claim against an estate within either 90 days of receiving notice from the person responsible for the estate of a deceased Medicaid patient or within one year of the decedent's death, whichever is later. We hold that the 90-day limitations period set forth in R.C. 2117.061(E) does not begin to run until the administrator of the Medicaid estate-recovery program is notified of an estate whose decedent was a Medicaid beneficiary who was 55 years of age or older. Accordingly, we reverse the judgment of the court of appeals and remand to the probate court for further proceedings consistent with this opinion.

**Relevant Background**

{¶ 5} Josephine A. Centorbi died intestate on February 12, 2007. At the time of her death, Centorbi was more than 55 years old and receiving benefits from the Medicaid program.

{¶ 6} Ten months after Centorbi's death, her sister, Fiorille, acting without counsel, filed an application to relieve the estate from administration. It is undisputed that when Fiorille filed the application, she did not check the box on the form that appears next to the following statement: "Decedent was fifty-five

2

years of age or older at the time of death and was a recipient of medical assistance under Chapter 5111 of the Revised Code. Form 7.0 Notice to Administrator of Estate Recovery Program has been or will be filed." It is also undisputed that Fiorille did not file the requisite form.

{¶ 7} R.C. 2117.061(B)(3) mandated that Fiorille, as the person responsible for the estate, complete a Medicaid estate-recovery reporting form within 30 days of filing the application to relieve the estate from administration. She did not do so. Consequently, the probate court was never informed that notice to the Medicaid estate-recovery program was required. The court granted Fiorille's application to relieve the estate from administration on the same day it was filed.

{¶ 8} ODJFS later learned that Centorbi was a deceased Medicaid beneficiary whose estate had been relieved from administration. On January 27, 2009, ODJFS filed an "application to vacate order releasing assets from administration." The probate court magistrate denied the motion. In her decision, the magistrate wrote, "In this case, the person responsible for the estate, Diane Nancy Fiorille, indicated that no notice was required to be given to the Administrator of the Estate Recovery Program and therefore did not submit a reporting form. * * * Since no form was filed, under ORC Section 2117.061(E), the Administrator of the Estate Recovery Program had one year from the decedent's date of death to make the claim, or February 12, 2008. No claim was made. Therefore, the claim is barred." The probate court judge adopted the magistrate's ruling over ODJFS's objections.

{¶ 9} On appeal, a divided court of appeals affirmed. We accepted ODJFS's discretionary appeal from that judgment, which presents a single proposition: under the plain language of R.C. 2117.061, the state has either one year from the date of a Medicaid recipient's death or 90 days after receiving notice of the death, whichever is later, to file a claim for Medicaid estate

recovery. *In re Estate of Centorbi*, 125 Ohio St.3d 1461, 2010-Ohio-2753, 928 N.E.2d 737.

## Analysis

### *Statute of Limitations*

{¶ 10} "Statutes of limitations foster important public policies: ensuring fairness to the defendant, encouraging prompt prosecution of causes of action, suppressing stale and fraudulent claims, and avoiding the inconvenience engendered by delay and by the difficulty of proving older cases." *Cundall v. U.S. Bank*, 122 Ohio St.3d 188, 2009-Ohio-2523, 909 N.E.2d 1244, ¶22, citing *O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St.3d 84, 88, 4 OBR 335, 447 N.E.2d 727. Statutes of limitations are therefore valuable to the parties to a dispute, society in general, and the administration of justice.

{¶ 11} We have consistently recognized that it is the General Assembly's role to consider and establish limitations periods, see, e.g., *Leininger v. Pioneer Natl. Latex*, 115 Ohio St.3d 311, 2007-Ohio-4921, 875 N.E.2d 36, ¶ 32, and that we may not substitute our judgment for that of the legislature. *Eppley v. Tri-Valley Local School Dist. Bd. of Edn.,* 122 Ohio St.3d 56, 2009-Ohio-1970, 908 N.E.2d 401, ¶ 17. Instead, our role is to apply the legislature's designated limitations on causes of action.

{¶ 12} In determining how to apply a statute, "our paramount concern is the legislative intent in enacting the statute." *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 21. " 'In determining legislative intent, the court first reviews the applicable statutory language and the purpose to be accomplished.' " *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, ¶ 20, quoting *State ex rel. Watkins v. Eighth Dist. Court of Appeals* (1998), 82 Ohio St.3d 532, 535, 696 N.E.2d 1079. In doing so, we must give effect to every word and clause in the statute. *Boley v. Goodyear Tire & Rubber Co.,* 125 Ohio St.3d 510, 2010-Ohio-2550, 929 N.E.2d 448, ¶ 21.

**{¶ 13}** A statute's wording " 'may not be restricted, constricted, qualified, narrowed, enlarged or abridged; significance and effect should, if possible, be accorded to every word, phrase, sentence and part of an act.' " *Weaver v. Edwin Shaw Hosp.*, 104 Ohio St.3d 390, 2004-Ohio-6549, 819 N.E.2d 1079, ¶ 13, quoting *Wachendorf v. Shaver* (1948), 149 Ohio St. 231, 36 O.O. 554, 78 N.E.2d 370, paragraph five of the syllabus. "No part should be treated as superfluous unless that is manifestly required, and the court should avoid that construction which renders a provision meaningless or inoperative." *State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. of Edn.* (1917), 95 Ohio St. 367, 373, 116 N.E. 516.

**{¶ 14}** When we conclude that a statute's language is clear and unambiguous, we apply the statute as written, *Cheap Escape Co., Inc. v. Haddox, L.L.C.*, 120 Ohio St.3d 493, 2008-Ohio-6323, 900 N.E.2d 601, ¶ 9, giving effect to its plain meaning. *Slingluff v. Weaver* (1902), 66 Ohio St. 621, 64 N.E. 574, paragraph two of the syllabus. This is a case in which we are presented with clear and unambiguous language.

*Language of R.C. 2117.061(E)*

**{¶ 15}** As noted previously, R.C. 2117.061(B) requires the person responsible for the estate of a decedent subject to the Medicaid estate-recovery program to "submit a properly completed medicaid estate recovery reporting form" within 30 days of the granting of letters testamentary, the administration of the estate, or the filing of an application for release from administration or summary release from administration.

**{¶ 16}** Pursuant to R.C. 2117.061(C), the person responsible for the estate must mark the appropriate box on the appropriate probate form to indicate compliance with R.C. 2117.061(B). The probate court then sends a copy of the completed form to the administrator of the Medicaid estate-recovery program. R.C. 2117.061(C).

{¶ 17} The time in which the administrator may act in presenting a claim against a beneficiary's estate is governed by R.C. 2117.061(E), which provides that the administrator shall present a claim for estate recovery to the person responsible for the estate of the decedent or the person's legal representative "not later than ninety days after the date on which the medicaid estate recovery form is received under division (B) of this section *or* one year after the decedent's death, *whichever is later*." (Emphasis added.)

{¶ 18} The legislature's use of the word "or," a disjunctive term, signifies the presence of alternatives. See *O'Toole v. Denihan*, 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505, ¶ 51-52; *Pizza v. Sunset Fireworks Co., Inc.* (1986), 25 Ohio St.3d 1, 4-5, 25 OBR 1, 494 N.E.2d 1115. The General Assembly frequently uses "or" with "whichever is later" in legislation, including statutes of limitations, to indicate alternative possibilities, pursuant to which a particular claim becomes time-barred when the later of two or more designated events occurs. See, e.g., R.C. 718.12(A) (requiring civil actions to recover municipal income taxes to be brought "within three years after the tax was due *or* the return was filed, *whichever is later*" [emphasis added]); R.C. 1347.10(A) (providing that an action under the Uniform Commercial Code for wrongful disclosure of personal information "shall be brought within two years after the cause of action accrued or within six months after the wrongdoing is discovered, *whichever is later*; provided that no action shall be brought later than six years after the cause of action accrued" [emphasis added]). See also R.C. 955.07 (requiring that "a record of all certificates of registration issued, together with the applications for registration, shall be kept by the auditor in a dog and kennel register for two years *or* until after an audit performed by the auditor of state, *whichever is later*" [emphasis added]).

{¶ 19} In this case, the majority on the court of appeals concluded that the language of R.C. 2117.061(E) intends to impose a maximum period of one year

from the decedent's death to file a claim. *In re Estate of Centorbi,* 186 Ohio App.3d 263, 2010-Ohio-442, 927 N.E.2d 615, ¶ 18. It held that because Centorbi died on February 12, 2007, and the state did not file its application to reopen the estate until December 11, 2008, that application was properly dismissed because it was barred by the statute of limitations. Id. at ¶ 13. Not so.

{¶ 20} The court of appeals' conclusion ignores the word "or" as well as the clause "whichever is later" in R.C. 2117.061(E). It was error to do so. Courts do not have the authority to ignore words in a statute. *Morgan v. Ohio Adult Parole Auth.* (1994), 68 Ohio St.3d 344, 347, 626 N.E.2d 939; *Spencer Twp.*, 95 Ohio St. at 373, 116 N.E. 516.

{¶ 21} Both "or" and "whichever is later" have meaning, and that meaning is clear: the statute contains an alternative set of limitations periods. "[T]he plain meaning of the phrase 'whichever is later' refers to the later date of two dates." *Morris v. Haren* (C.A.11, 1995), 52 F.3d 947, 949. The dissenting judge in the court of appeals in this case properly recognized that R.C. 2117.061(E) is written in the alternative, and a claim is timely as long as it is presented within 90 days from the date a completed form is received *or* within one year of the decedent's death, whichever occurs later. We agree with the dissenting judge, as well as the analysis in *Morris*. By its plain wording, including the use of the word "or" and the phrase "whichever is later," R.C. 2117.061(E) sets forth two alternative statutes of limitations.

{¶ 22} We now turn to the question of how the alternative statutes of limitations in R.C. 2117.061(E) apply in the context of this case.

{¶ 23} As the probate and appellate courts recognized, the one-year postmortem period had expired by the time the administrator filed the claim. Had there been no alternative time limit, ODJFS would have been barred from pursuing its claim.

{¶ 24} But ODJFS was not barred, because the 90-day limitations period had not yet run. Indeed, unless a Medicaid estate-recovery reporting form is filed, the 90-day limitations period in R.C. 2117.061(E) never commences. See generally *Hafiz v. Levin*, 120 Ohio St.3d 447, 2008-Ohio-6788, 900 N.E.2d 181, ¶ 12 ("absent the filing of an amended [tax] return, the statute of limitations in R.C. 5747.13(A) never commences to run. *Gibson v. Levin*, 119 Ohio St.3d 517, 2008-Ohio-4828, 895 N.E.2d 548, ¶ 10. Thus, because [the taxpayers] did not file an amended return as required by R.C. 5747.10, the assessment was not barred by the statute of limitations"). Because Fiorille never filed a reporting form, the probate court erred in finding that the 90-day limitations period had run, and the appeals court erred in affirming that judgment.

{¶ 25} To hold otherwise – as the probate court did – ignores the plain wording of R.C. 2117.061(E) and encourages the person responsible for the estate not to comply with the law in order to obtain a windfall to the estate at the expense of the Medicaid program. That result is contrary to federal and state policy, as expressed in our laws.

{¶ 26} The federal government mandates that states must recover certain Medicaid benefits paid to certain Medicaid recipients from the recipients' estates. See Section 1396p(1)(B), Title 42, U.S.Code. R.C. 2117.061 embodies the General Assembly's response to that federal mandate. Ohio's laws on recovery of estate assets for Medicaid reimbursement are among the most aggressive in the country. William J. Browning & Richard F. Meyer, H.B. 66 and Medicaid Recovery (2005), 16 Ohio Prob.L.J. 42. Any rumination on the wisdom of these statutes is for the legislature, not this court.

{¶ 27} Accordingly, we vacate the appellate court's judgment and remand this cause to the probate court for further proceedings consistent with this opinion. In so doing, we reject two collateral claims raised by Fiorille with respect to the 90-day statute of limitations set forth in R.C. 2117.061(E).

*Collateral Claims*

**{¶ 28}** First, Fiorille contends that the state has not created the Medicaid estate-recovery reporting form described in R.C. 2117.061(B) through (E), making it impossible for Fiorille to comply with her duties under the law. The estate's effort to obscure the discrete issue before us in this appeal is not well taken.

**{¶ 29}** It is clear that the probate courts and ODJFS rely on Probate Form 7.0 as the Medicaid estate-recovery reporting form described in the statute. Probate Form 7.0 appears in at least one Ohio practice guide, labeled "notice of administrator of estate recovery program," with R.C. 2117.061 listed as the form's "primary authority." 3 Baldwin's Ohio Practice, Merrick Rippner Probate Law (2009), Appendix B. Moreover, commentators recognize Probate Form 7.0 as the mechanism for ensuring that notice is given to ODJFS. As one stated recently, "Perhaps the most important section for probate counsel in these matters involves when and who must actually notify the agency of a recipient's death. It is clear from R.C. § 2117.061 that the Executor must notify the State of Ohio if a decedent over the age of fifty-five (55) received Medicaid benefits. A new notice form has not yet been implemented. The agency is still content with Standard Probate Form 7.0." Browning & Meyer, 16 Ohio Probate L.J. at 44.

**{¶ 30}** We have reviewed Probate Form 7.0, a single-page document written in accessible language that is understandable to attorneys as well as laypeople. It simply states, "The undersigned gives notice to the Administrator of the Estate Recovery Program that the decedent was fifty-five (55) years of age or older at the time of death and has been determined to have been a recipient of medical assistance under Chapter 5111 of the Revised Code."

{¶ 31} The sufficiency of Probate Form 7.0 and its compliance, or lack thereof, with the requirements of R.C. 2117.061(D) is not the question before us.[1] Although Form 7.0 may not meet all of the requirements set forth in R.C. 2117.061(D) because it does not require the listing of decedents' assets and does not contain a warning that falsification could result in criminal penalties, it clearly is sufficient to serve as the messenger for giving notice to the Medicaid estate-recovery program administrator that a Medicaid beneficiary has died and has an estate.

{¶ 32} Fiorille also attacks the 90-day limit as a potentially open-ended period that will never close as long as notice is deferred, thereby subverting the interests of finality in the administration of estates. There is not a modicum of merit in that contention.

{¶ 33} When notice is received by the Medicaid estate-recovery program administrator, the 90-day statute of limitations is triggered. The person responsible for the estate controls the timely adjudication of any Medicaid recovery claim by filing notice. Upon doing so, it is the person responsible for the estate who ensures that any claim must be brought by the later of two dates: 90 days after notice or one year after the decedent's death. Thus, the statute does not encourage the estate-recovery administrator to ambush the estate years after

---

1. R.C. 2117.061(D) sets forth that the Medicaid estate recovery form "shall require, at a minimum, that the person responsible for the estate list all of the decedent's real and personal property and other assets that are part of the decedent's estate as defined in section 5111.11 of the Revised Code. In the case of a decedent who was the spouse of a decedent subject to the medicaid estate recovery program, the form shall require, at a minimum, that the person responsible for the estate list all of the decedent's real and personal property and other assets that are part of the decedent's estate as defined in section 5111.11 of the Revised Code and were also part of the estate, as so defined, of the decedent subject to the medicaid estate recovery program. The administrator shall include on the form a statement printed in bold letters informing the person responsible for the estate that knowingly making a false statement on the form is falsification under section 2921.13 of the Revised Code, a misdemeanor of the first degree."

the decedent's death, nor does it otherwise undermine the societal interest in efficient administration of estates. To the contrary, it fosters efficiency by encouraging the person responsible for the estate to act with reasonable promptness.

{¶ 34} Finally, and most importantly, "[t]he period within which a claim must be brought * * * is a policy decision best left to the General Assembly." *Leininger,* 115 Ohio St.3d 311, 2007-Ohio-4921, 875 N.E.2d 36, ¶ 32. Our decision reflects the legislative determination that ODJFS may seek recovery from an estate not later than 90 days after the date on which the estate-recovery reporting form is received, or one year after the decedent's death, whichever is later.

### Conclusion

{¶ 35} R.C. 2117.061(E) sets forth alternative statutes of limitations that allow ODJFS to file a claim against an estate within 90 days of receiving notice from the person responsible for the estate of a deceased Medicaid patient or within one year of the decedent's death, whichever is later. The 90-day statute of limitations set forth in R.C. 2117.061 does not begin to run until the Medicaid estate-recovery program administrator is notified that an estate has been filed and that the decedent was a Medicaid beneficiary who was 55 years of age or older. Because the probate court and court of appeals erred in holding that the claim in this case was time-barred, we reverse the judgment of the court of appeals and remand this cause to the probate court for further proceedings consistent with this opinion.

Judgment reversed<br>and cause remanded.

PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, Elisabeth A. Long, Deputy Solicitor, and Robert J. Byrne, Assistant Attorney General, for appellant, Ohio Department of Job and Family Services.

Kenneth S. Kabb Co., L.P.A., and Rachel A. Kabb-Effron; and James C. Bates, for appellee, Diane Nancy Fiorille.

_____