[Cite as *4747 Mann, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 2011-Ohio-2593.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 95596

## 4747 MANN, LLC

PLAINTIFF-APPELLANT

vs.

## CUYAHOGA COUNTY BOARD OF REVISION, ET AL.

DEFENDANTS-APPELLEES

JUDGMENT:
AFFIRMED

Administrative Appeal from the

Cuyahoga County Court of Common Pleas
Case No. CV-569963

**BEFORE:**   Stewart, P.J., Sweeney, J., and Keough, J.

**RELEASED AND JOURNALIZED:**   May 26, 2011

**ATTORNEYS FOR APPELLANT**

Charles J. Pawlukiewicz
Christina E. Niro
McCarthy, Lebit, Crystal & Liffman Co., L.P.A.
101 West Prospect Avenue, Suite 1800
Cleveland, OH   44115-1088


**ATTORNEYS FOR APPELLEES CUYAHOGA COUNTY BOARD OF REVISION, ET AL.**

William D. Mason
Cuyahoga County Prosecutor

BY:   Saundra J. Curtis-Patrick
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE CLEVELAND MUNICIPAL SCHOOL DISTRICT BOARD OF EDUCATION**

David A. Rose
David H. Seed
Jennifer A. Hoehnen
Brindza, McIntyre & Seed, LLP
111 Superior Avenue, Suite 1025
Cleveland, OH   44114

MELODY J. STEWART, P.J.:

{¶ 1} Appellant-landowner, 4747 Mann, LLC, appeals from the dismissal of its administrative appeal of a land valuation issued by the Cuyahoga County Board of Revision. The board rejected 4747 Mann's complaint for a reappraisal of its property, finding the market value of the property to be unchanged from the original appraisal. 4747 Mann appealed to the court of common pleas, but the court dismissed the appeal on two grounds: (1) that 4747 Mann failed to name the county auditor as a party to the appeal and (2) that 4747 Mann's complaint to the board had been signed by a non-attorney.

{¶ 2} R.C. 5717.05 states that "an appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation" and that "[t]he county auditor and all parties to the proceeding before the board, other than the appellant filing the appeal in the court, shall be made appellees, and notice of the appeal shall be served upon them by certified mail unless waived."

{¶ 3} The jurisdiction of the common pleas court is fixed by statute. *Mattone v. Argentina* (1931), 123 Ohio St. 393, 397,175 N.E. 603. See, also, Article IV, Section 4(B) of the Ohio Constitution ("The courts of common pleas

and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law."). When the right to appeal to the court of common pleas is conferred by statute, "[t]he exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements." *Zier v. Bur. of Unemp. Comp.* (1949), 151 Ohio St. 123, 84 N.E.2d 746, paragraph one of the syllabus. In *Huber Hts. Circuit Courts Ltd. v. Carne*, 74 Ohio St.3d 306, 308, 1996-Ohio-157, 658 N.E.2d 744, the supreme court held that the requirements of R.C. 5717.05 are "mandatory and jurisdictional." Id. at 307.

{¶ 4} 4747 Mann concedes that its notice of appeal to the court of common pleas failed to name the county auditor as party. It tries to distinguish *Huber Hts.*, however, arguing that unlike the appellants in that case who both failed to name the correct party and serve notice to that party, the present case involves only the failure to name the auditor – 4747 Mann did serve the auditor with notice of appeal by certified mail. By serving the auditor with the notice of appeal, 4747 Mann argues that it complied with the spirit of the statute because the auditor had notice of the pending appeal.

{¶ 5} The supreme court impliedly rejected this argument in *Olympic Steel, Inc. v. Cuyahoga Cty. Bd. of Revision*, 110 Ohio St.3d 1242, 2006-Ohio-4091, 852 N.E.2d 178, stating that the "mandatory and

jurisdictional" language used in R.C. 5717.05 and addressed in *Huber Hts.* applied to "the requirement of joinder *and* service[.]" Id. at ¶2 (emphasis added). By stating joinder and service in the conjunctive, *Olympic Steel* confirmed that these were separate statutory requirements, both of which were mandatory and jurisdictional.

{¶ 6} *Olympic Steel* is consistent with a long line of cases that require strict compliance with statutorily-granted rights of appeal in administrative law cases. See, e.g., *Austin Co. v. Cuyahoga Bd. of Revision* (1989), 46 Ohio St.3d 192, 193, 546 N.E.2d 404 (actual notice insufficient substitute to satisfy appeal notice requirements); *Clippard Instrument Lab., Inc. v. Lindley* (1977), 50 Ohio St.2d 121, 122, 363 N.E.2d 592 (letter an insufficient substitute for statutorily required copy of a notice of appeal); *Salem Med. Arts & Dev. v. Columbiana Cty.*, 80 Ohio St.3d 621, 1998-Ohio-657, 687 N.E.2d 746 (delivery of a copy of a notice of appeal to an assistant prosecutor with whom the taxpayer had been negotiating a settlement did not satisfy the R.C. 5717.01 requirement that an appellant must file a copy of its notice of appeal from a Board of Revision with the Board of Revision).

{¶ 7} 4747 Mann cites to decisions suggesting that the need for strict compliance with the notice requirements of a statute authorizing an appeal from an administrative decision arises only when "notice goes to the very core of procedural efficiency." *Cleveland Elec. Illuminating Co. v. Lake Cty. Bd. of*

*Revision*, 80 Ohio St.3d 591, 596, 1988-Ohio-179, 687 N.E.2d 723. But those decisions do not address the type of jurisdictional component omitted in this case — the failure to join a party. The courts have, for example, cautioned that liberality in construing App.R. 3(A) procedural defects should not be applied to administrative appeals that set forth specific jurisdictional limitations: "Of critical importance is the fact that the defect in the present case [attaching an opinion to a notice of appeal rather than a judgment entry] does not involve an administrative appeal: administrative appeals are authorized by statutes that set forth the conditions for the exercise of judicial authority, and those conditions call for strict compliance." See *State ex rel. Arcadia Acres v. Ohio Dept. of Job & Family Servs.*, 123 Ohio St.3d 54, 2009-Ohio-4176, 914 N.E.2d 170, ¶12. See, also, *Hafiz v. Levin*, 120 Ohio St.3d 447, 2008-Ohio-6788, 900 N.E.2d 181, ¶8.

{¶ 8} It is uncontested that 4747 Mann failed to name the auditor as a party in its notice of appeal. This was a jurisdictional failure of joinder, thus depriving the court of subject matter jurisdiction to hear the appeal. *George Whalley Co. v. Cuyahoga Cty. Bd. of Revision* (Nov. 21, 1984), 8th Dist. Nos. 47890 and 47984. Our holding necessarily moots any consideration of the second assignment of error: whether 4747 Mann's complaint was invalid because it was signed by a non-attorney. See App.R. 12(A)(1)(c).

{¶ 9} Finally, we reject 4747 Mann's complaint that the case should be remanded because the board failed to serve the named corporate representative with notice of its decision as required by R.C. 5715.20(A). That section states that whenever the board issues a decision, it "shall certify its action by certified mail to the person in whose name the property is listed or sought to be listed and to the complainant if the complainant is not the person in whose name the property is listed or sought to be listed." Assuming without deciding that R.C. 5715.20(A) is jurisdictional, the statute falls within that limited class of jurisdictional defects that may be waived under certain circumstances. *Colonial Village Ltd. v. Washington Cty. Bd. of Revision*, 114 Ohio St.3d 493, 2007-Ohio-4641, 873 N.E.2d 298, at ¶7. R.C. 5715.20(A) only requires the board to send notice of its decision by certified mail to "an address that is reasonably calculated to give notice to the owner." *Meadows Dev., L.L.C. v. Champaign Cty. Bd. of Revision*, 124 Ohio St.3d 349, 2010-Ohio-249, 922 N.E.2d 209, ¶18. The board issued notice to the attorney who represented 4747 Mann in proceedings before the board. In *Meadows Dev.*, the court found this sufficient compliance with R.C. 5715.20(A), stating that issuing notice to the owner's attorney is reasonable when the attorney has actively represented the owner at proceedings before the board, and noting that "sending the [board of review] decision to the attorney generally constitutes the best practice for the [board of review] to follow." Id. at ¶21.

4747 Mann plainly had notice of the board's decision as shown by its timely appeal to the court of common pleas, so its failure to raise this issue to the court constituted a forfeiture of the right to raise it in an appeal to this court.

Judgment affirmed.

It is ordered that appellees recover of appellant their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
KATHLEEN ANN KEOUGH, J., CONCUR