French, J.,
dissenting.
{¶ 33} I agree with the majority’s holding that having breached the duty to maintain and transmit the entire record of proceedings to the Board of Tax Appeals (“BTA”), appellants Cuyahoga County Board of Revision (“BOR”) and the Cuyahoga County Fiscal Officer are not entitled to claim an error that arises from that breach. I further agree with the majority’s rejection of appellant Orange City School District Board of Education’s (“BOE”) argument that the 2010 and 2011 complaints filed by the property owner superseded the carryover from the 2009 complaint. Nevertheless, I respectfully dissent from the judgment vacating the BTA’s decision and remanding this matter for further proceedings before the BTA.
*137 {¶ 34} The majority acknowledges that the BOE waived any challenge to the BOR’s adoption of a lower tax value for tax year 2009 by not objecting to the use of the appraisal report submitted by the property owner and by not exercising its rights as an appellee before the BTA to impugn the written appraisal report. While it states that the BOE’s waiver “might be dispositive” in some circumstances, majority opinion at ¶ 18, the majority concludes that the BTA’s reliance on the appraisal report amounted to plain error here. I disagree.
{¶ 35} The plain-error doctrine originated as a concept in criminal law. Goldfuss v. Davidson, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997). With respect to its application in civil cases:
[Reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings.
Id. The same rationale applies here even though neither the BOR nor the BTA exercises “civil jurisdiction at law or in equity.” Meadows Dev., L.L.C. v. Champaign Cty. Bd. of Revision, 124 Ohio St.3d 349, 2010-Ohio-249, 922 N.E.2d 209, ¶ 14. This is not a case in which exceptional circumstances require the application of the plain-error doctrine to prevent a manifest miscarriage of justice.
{¶ 36} R.C. 5717.01 states that in appeals from the BOR, the BTA “may order the appeal to be heard on the record and the evidence certified to it by the county board of revision, or it may order the hearing of additional evidence, and it may make such investigation concerning the appeal as it deems proper.” Thus, as the majority notes, the BTA has discretionary authority to order the hearing of additional evidence. Here, the BTA exercised its discretion to instead decide the appeal on the record and the evidence certified to it by the BOR, and that decision did not amount to plain error.
{¶ 37} As the appellant before the BTA, the property owner had the burden of proof, Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision, 90 Ohio St.3d 564, 566, 740 N.E.2d 276 (2001), and the owner resubmitted the written appraisal report to satisfy that burden. The BOE did not object to the appraisal report before the BTA, nor did it exercise its rights as an appellee to impugn the appraisal report or to summon the appraiser to a deposition or to the hearing to establish the appraisal’s lack of probative character.
{¶ 38} The BTA has broad discretion to determine the weight and the credibility of the evidence before it. EOP-BP Tower, L.L.C. v. Cuyahoga Cty. *138 Bd. of Revision, 106 Ohio St.3d 1, 2005-Ohio-3096, 829 N.E.2d 686, ¶ 9. And here, it was entitled to accept the appraisal report for what it appeared to be: an expert opinion of the property value as of the relevant tax-lien date, using acknowledged methods and, in particular, adjusting comparable sales to arrive at a value for the subject property. Contrary to the majority’s conclusion, I do not consider either the BOR’s rejection of the appraised value or the difference between the appraised value and the fiscal officer’s original value as precluding the BTA’s reliance on the appraisal report as reliable, probative evidence.
Siegel Jennings Co., L.P.A., J. Kieran Jennings, Jason Lindholm, and Deborah Papushak, for appellee.
Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Mark R. Greenfield, Assistant Prosecuting Attorney, for appellants Cuyahoga County Fiscal Officer and Cuyahoga County Board of Revision.
Kadish, Hinkel & Weibel, Kevin M. Hinkel, Rita M. Jarrett, and John P. Desimone, for appellant Orange City School District Board of Education.
{¶ 39} In light of the BOE’s choice to not exercise its rights as an appellee or to object to the appraisal report before the BTA, I conclude that the BTA did not commit plain error in adopting the appraiser’s valuation. I therefore dissent, and I would affirm the BTA’s decision.
Kennedy, J., concurs in the foregoing opinion.